### MARTHA J. McLAMB v. W. L. ADAMS.

(Filed 17 March, 1943.)

**1. Judgments §§ 22c, 37a—**

> The presumption is that the plaintiff in a judgment is the owner of it, and the burden of proof must be on the one who alleges the contrary.

**2. Judgments §§ 37a, 38, 41—**

> A judgment debtor is not charged with knowledge of the assignment of the judgment and, therefore, he may rightly pay his original judgment creditor until he has notice that another has become his creditor.   Payment, before docketing, *is held* valid against an assignment of an interest to attorneys for judgment creditor.

Appeal by defendant from *Stevens, J.,* at October Term, 1942, of JOHNSTON.   Reversed.

This was a motion in the cause by the defendant, before the clerk, to recall execution and cancel the judgment on the ground that the judgment had been fully paid.   Motion was denied, and defendant appealed to the judge, who confirmed the findings of fact and conclusions of law of the clerk.   Defendant appealed to this Court.

*Parker & Lee for plaintiff, appellee.*
*J. R. Barefoot for defendant, appellant.*

DEVIN, J.   The defendant's only exception is to the judgment.   Hence, the single question for decision is whether, upon the facts found by the clerk and confirmed by the judge, the defendant was entitled to the relief sought.

At January Term, 1940, plaintiff McLamb recovered judgment against defendant Adams in sum of $172.49.   Previously the plaintiff Martha J.

McLamb *v.* Adams.

McLamb had agreed with her counsel, Stevens, Farmer & Hill, to assign to them one-half of the recovery. It was found by the clerk that defendant, on 1 February, 1940, paid the judgment in full to Martha J. McLamb, $172.49, and took her receipt acknowledging complete satisfaction of the judgment. But the clerk found that this was without the consent and knowledge of plaintiff's attorneys, and that the payment did not impair the right of the attorneys to fifty per cent of the judgment and to execution thereon. It appears that the judgment in *McLamb v. Adams* was not actually entered on the judgment docket until 5 February, 1940, and that at the same time the assignment of fifty per cent of the judgment to the attorneys was filed by them and noted on the record by the clerk's deputy. It also appeared from the affidavit of one of plaintiff's attorneys, introduced in evidence, that before the judgment was paid he asked defendant's counsel about payment of the judgment, and was informed by the latter that he thought Adams was going to pay it that day to Mrs. McLamb. Asked if her counsel had been paid, plaintiff's counsel replied, "If you should pay it to Mrs. McLamb, we are protected."

There was no evidence that either Adams or his counsel had notice or knowledge of the assignment *pro tanto* of the judgment to plaintiff's attorneys. The mere statement "we are protected" may not be held to constitute notice that the judgment itself had been assigned. Under these facts we think the judgment, so far as the recovery was concerned, was fully satisfied, and that, without notice of any assignment of the judgment, in whole or in part, payment in full to the judgment creditor constituted a discharge.

"The presumption is that the plaintiff in a judgment is the owner of it, and the burden of proof must be on the one who alleges the contrary." *Brown v. Harding,* 170 N. C., 253 (261), 86 S. E., 1010.

It was said by *Ruffin, C. J.,* in *Hewett v. Outland,* 37 N. C., 438: "It is true the (judgment) debtor is not charged with knowledge of the assignment of a demand that is not negotiable, and, therefore, he may rightly pay his original creditor, until he knows that another person has become his creditor." See also 30 A. L. R., 820 (note); 30 Am. Jur., 892.

We think the plaintiff's attorneys as assignees of the judgment are not entitled to execution on the judgment, since the recovery has been paid in full to the judgment creditor without notice or knowledge of the assignment, and that the order overruling defendant's motion to recall the execution must be

Reversed.